IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD ANTHONY WORKMAN,

    Petitioner,

v.                                    Case No. 2:22-cv-00165

TIMOTHY KING, Superintendent,
Southwestern Regional Jail and Correctional Facility,[1]

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Donald Anthony Workman's (hereinafter "Petitioner") Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    PROCEDURAL HISTORY

On April 6, 2022, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 indicating that he plead guilty to multiple sexual offenses in the Circuit Court of Mingo County, West Virginia and, on January 11, 2022, he was sentenced to serve 11-25 years in prison. (ECF No. 2 at 1). According to the petition,

---

[1] Petitioner named the Respondent as "Warden King." However, this is the full name and proper title of the Respondent. The Clerk is directed to modify the docket sheet accordingly.

Petitioner has not filed and exhausted a direct appeal in the Supreme Court of Appeals of West Virginia ("the SCAWV") or a habeas corpus petition in the state courts. Thus, the instant petition appears to be unexhausted and premature. Consequently, the undersigned believes that, at the present time, it is unnecessary to order Respondent to respond to the petition and that summary dismissal, without prejudice to re-filing after exhaustion of the state court remedies, is warranted.

## II. APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

    Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

    Petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

    In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at

593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky,* 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain,* 522 U.S. 87 (1997)).

Petitioner's current § 2254 petition contains vague and conclusory allegations that he received ineffective assistance of counsel with respect to an allegedly coerced statement made at his plea hearing (ECF No. 2 at 5) and an even more conclusory allegation stating only "Equal Rights 8th, 14th, 5th." (*Id*. at 7). These claims are insufficiently pled.

Moreover, Petitioner acknowledges that he has not filed an appeal or any other petitions for post-conviction relief in the state courts, but claims that "it is futile to deal in state court on [these issues]" because he believes that civil rights and constitutional issues such as due process are "not issues for state courts." (*Id*. at 2, 6-12). Petitioner is incorrect, however, as he MUST exhaust his federal constitutional claims in the state courts before he may pursue habeas corpus relief under § 2254 in this federal court.

As noted in 28 U.S.C. § 2244(b)(2) and (3), a petitioner may only file one section 2254 petition concerning a particular conviction and sentence, and any claims raised in a second or successive petition, absent one of the enumerated exceptions and authorization by the appellate court, must be dismissed. 28 U.S.C. §§ 2244(b)(2) and (3). Therefore, Petitioner may raise any claims he wishes to pursue in a federal habeas corpus petition in one timely § 2254 petition only after his state court remedies concerning those same claims are fully exhausted. Thus, Petitioner is **NOTIFIED** that he must exhaust all of his federal claims before re-filing a § 2254 petition in this court within the applicable statute of limitations. This Proposed Findings and Recommendation makes no findings concerning the timeliness of this § 2254 petition or

calculation of the applicable statute of limitations. Petitioner shall be responsible for filing a timely new § 2254 petition and must sufficiently identify and describe all of his claims for relief therein.

### III.    RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2254 petition is unexhausted and premature. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS WITHOUT PREJUDICE** Petitioner's section 2254 petition (ECF No. 2) pending the exhaustion of the available state court remedies.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Berger.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

April 18, 2022

Dwane L. Tinsley
United States Magistrate Judge